PURTILL, KLACZAK, and STANLEY, JUDGES
BY THE DIVISION: The petitioner, who was twenty-nine years of age at the time of sentencing, was charged in a Five-Count Information with the following crimes:
 Count 1. Attempted Murder [Conn. Gen. Stat. Sec. 53-49 (a)(2) and 53a-54a(a)].
 Count 2. Burglary, First Degree [Conn. Gen. Stat. Sec. 53a-101
(a)(2)].
Count 3. Assault, First Degree [Conn. Gen. Stat. Sec. 53a-59a (a)(1)].
 Count 4. Attempted Sexual Assault, First Degree [Conn. Gen. Stat. Sec. 53a-49 (a)(2) and 53a-70 (a)].
 Count 5. Sexual Assault, Third Degree [Conn. Gen. Stat. Sec. 53a-72a (a)(1)(a)].
He entered pleas of not guilty and elected a trial by jury. The jury returned verdicts of guilty on Counts 1, 2 and 3. The petitioner was found not guilty of Counts 4 and 5.
He was sentenced as follows:
Count 1 (Attempted Murder) — 15 years
 Count 2 (Burglary, First Degree) — 5 years, consecutive to Count 1
 Count 3 (Assault, First Degree) — 7 1/2 years, consecutive to Count 1 and 2.
The total effective sentence was twenty-seven and one-half (27 1/2) years.
The petitioner asks that his sentence be reduced to an effective twenty- (20-) year term stating that he is not a violent person and that he never before directly inflicted bodily injury to anyone. He denies that he attempted to murder the victim in this case, despite the jury verdict, and in mitigation, that he had a difficult early life, which included being sexually assaulted in a Mississippi prison when he was seventeen years of age. He expresses remorse for the victim in this case.
The petitioner's criminal record reflects a conviction for armed robbery in 1978 (at age 17) in Mississippi. In that robbery, which was committed with another person, the victim was shot four CT Page 5435 times in the abdomen. The petitioner states his co-defendant shot the victim, although he did state that he struck the victim in the face with a brick. He was sentenced to fifteen (15) years, suspended after ten (10) years for that armed robbery. He was released in October 1988 to probation and transferred to Connecticut at that time. However, while incarcerated in Mississippi, he was convicted of assaulting a Law Enforcement Officer (Corrections Officer) and received a five- (5-) year consecutive sentence for that offense.
That background negates his claim that he is not a violent person, at least from the perspective of this reviewing panel. His disciplinary record while in prison further indicates multiple misconduct reports for assaults, threatening and weapons violations.
He met the victim in this case at a church function in Connecticut. Their friendly relationship ended at the victim's request in April 1990. The following month, he broke into her apartment and waited for one and one-half hours for her to return. When she did he left the apartment unnoticed and waited for her to go to sleep. He re-entered the apartment, went to the victim's bed where he struck the victim multiple times in the head with a hammer causing extensive injuries which included a fractured skull, nerve damage, lacerations and abrasions. The victim expressed great fear that the petitioner would try to kill her upon his release and has asked to be notified when that event occurs.
At sentencing the State's Attorney asked for a forty- (40-) year sentence. (The PSI had recommended the maximum) and defense counsel asked for a sentence of fifteen (15) years of incarceration.
The sentencing court, who had the opportunity to assess the petitioner, noted that he lay in wait for the victim, that he inflicted extensive injuries to her, indeed he was convicted of attempting to murder her. It considered and weighed the outrageous nature of these crimes along with its assessment of the petitioner's chances of living by society's rules of acceptable behavior. The Court concluded that the petitioner was not unsalvageable and rejected the Probation Officer's recommendation of the maximum sixty (60) years, as well as the State's Attorney's recommended forty- (40-) year sentence. In short, it is clear from the Court's comments that it reflected carefully upon all the circumstances. Giving the deference appropriately due to the sentencing judge, and applying the criteria of Practice Book Sec. 942 to the review of this sentence the Division concludes that the sentence is not inappropriate nor disproportionate. It is affirmed.
APPEARANCES: Margaret P. Levy for petitioner; Christopher Morano, Assistant State's Attorney, for the state. CT Page 5436